# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO MAURICE LACY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-2192 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner filed this *pro se* section 2254 habeas lawsuit challenging the denials of his release to parole. Respondent filed a motion for summary judgment (Docket Entry No. 12), based on expiration of limitations, failure to exhaust, procedural default, and failure to state a cognizable federal habeas claim. Despite expiration of a reasonable period of time of at least seventy days, petitioner has failed to respond to the motion for summary judgment, and the motion is deemed uncontested.

Based on consideration of the motion, the pleadings, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit.

Petitioner states that he was denied parole on nine separate occasions from October 26, 2004, to June 6, 2016. He complains that, in denying him parole, the Board of Pardons and Paroles unlawfully relied on "protest letters" from the community and on the nature of his holding conviction. Respondent has presented a thorough, well-researched analysis of petitioner's claims and correctly shows that his claims are, in part, unexhausted, procedurally

defaulted, and barred by limitations. However, the overarching reason for dismissal of this habeas lawsuit, as respondent also correctly argues, is that petitioner states no cognizable ground for federal habeas relief.

State prisoners have no liberty interest in parole release in Texas, nor may they challenge the constitutionality of the decision to deny parole or the constitutionality of procedural devices attendant to parole decisions. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308–09 (5th Cir. 1997) (holding that allegations that a parole board considered unreliable or false information found in protest letters, without more, did not state a federal constitutional violation). Petitioner's complaints that the Board of Pardons and Paroles denied him parole in reliance on protest letters and his holding conviction affords him no basis for federal habeas relief. Respondent is entitled to summary judgment dismissal of this lawsuit.

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE for failure to state a cognizable habeas claim. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on March 17, 2017.

Gray H. Miller
United States District Judge